[Cite as *State v. Stuart*, 2017-Ohio-8572.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105050

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### BILLY D. STUART

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-605031-A

**BEFORE:** Keough, A.J., S. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 16, 2017

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
6505 Rockside Road, Suite 320
Independence, Ohio 44131

**APPELLANT**

Billy D. Stuart, pro se
Inmate No. 684-872
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430

**ATTORNEY FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Billy Stuart, appeals his conviction following a guilty plea. Stuart was granted a delayed appeal, and we appointed appellate counsel. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw, claiming any potential assignment of error would be wholly frivolous. This court held counsel's motion in abeyance pending our independent review of the record, and provided Stuart an opportunity to file a pro se brief, which he failed to do. After thoroughly examining the record, we concur with counsel's assessment and grant counsel's motion to withdraw and dismiss the appeal.

{¶2} In 2016, Stuart was indicted with two counts of trafficking (Counts 1 and 3) and drug possession (Counts 2 and 4), and one count each of having weapons while under disability (Count 5), carrying a concealed weapon (Count 6), and possession of criminal tools (Count 7). The trafficking charges carried a one-year firearm specification, and all counts requested forfeiture. Following voir dire, Stuart entered into a plea agreement with the state, agreeing to plead guilty to both counts of trafficking and attendant one-year firearm specifications and forfeiture requests, and having weapons while under disability with an agreement to forfeit the weapon involved. All other counts were nolled. The trial court sentenced Stuart to a total of six years in prison, and advised him that he would be subject to a mandatory five years of postrelease control. Stuart was also ordered to pay a mandatory $10,000 fine.

{¶3} In *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the United States Supreme Court held that if counsel thoroughly reviews the record and concludes that the appeal is "wholly frivolous," counsel may advise the court of that fact and request permission to withdraw from the case. *Id*. at 744. Counsel's request to withdraw must "be accompanied by a brief referring to

anything in the record that might arguably support the [a]ppeal." *Id.* Counsel must also furnish a copy of the brief to his client in sufficient time to allow the appellant to file his own brief, pro se. *Id. See also* Loc.App.R. 16(C).

{¶4} In this case, appointed counsel complied with the *Anders* requirements and those of Loc.App.R. 16(C). Counsel states in his brief that after reviewing the entire record, he could not identify any prejudicial error or nonfrivolous issues to raise on direct appeal. Specifically, counsel (1) reviewed the record for compliance with Crim.R. 11 relative to the requirements for a knowing, voluntary, and intelligent plea and found no deviations from the requirements of the rule; and (2) considered the sentencing proceedings and found no sentencing errors.

{¶5} Pursuant to Loc.App.R. 16(C) and *Anders*, this court has conducted an independent examination of the record to determine if there are any issues of arguable merit. *Anders* instructs that if the appellate court determines that the appeal would be "wholly frivolous" (i.e., there are no legal points of arguable merit), the court may grant counsel's request to withdraw and dismiss the appeal. If, however, the court finds any legal points arguable on their merits, the court must afford appellant the assistance of counsel before deciding the merits of the case. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

{¶6} Upon a complete review of the record, this court agrees that no prejudicial error occurred in the lower court, and any appeal on Stuart's behalf would be frivolous. Accordingly, the motion of appointed counsel to withdraw is granted, and the appeal is dismissed

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER,   J., and
FRANK D. CELEBREZZE, JR., J., CONCUR